IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:16-CR-00013-KDB-DCK-4

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ALEXIS NOE BAUTISTA, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Alexis Noe Bautista's second *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 190). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Forrest City -Low[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant is a 42-year-old male serving his prison sentence at FCI Forrest City - Low in Arizona. He is serving a sentence of 121 months of imprisonment followed by 5 years of supervised release. (Doc. No. 145). According to the Bureau of Prisons website, his scheduled release date is December 23, 2024. Defendant bases his motion on a list of ailments including

---

[1] According to the Bureau of Prison's (BOP) website, FCI Forrest City - Low currently has 1 inmate and 3 staff with confirmed active cases of COVID-19. There has been no inmate deaths and no staff deaths, while 409 inmates have recovered and 103 staff have recovered. Additionally, at the FCI Forrest City complex, 285 staff have been fully inoculated and 3,477 inmates have been fully inoculated.

Type 2 diabetes, gastroesophageal reflux disease, esophagitis, hypertension, hyperlipidemia, gastric ulcers, and an abnormal heart rhythm. (Doc. No. 190 at 2). According to his Presentence Investigation Report that was filed on November 23, 2016, Defendant self-reported that he takes medication for acid reflux as needed and that prior to his arrest, he was taking Metformin for diabetes. (Doc. No. 124, ¶ 57). While housed at the Alexander County Jail following his arrest in 2016, he was given medication for diabetes, high blood pressure and for an issue with his kidneys. *Id*. Defendant fails to provide adequate, current BOP medical records to substantiate his medical claims and the treatments provided. The only substantive medical records provided by Defendant consist of only four (4) pages and are outdated, the most recent being from July 7, 2022. (Doc. 190-1 at 3, 5, 7 and 9)

The information in the records provided indicate that all of Defendant's medical conditions are being treated adequately, and there is no indication that Defendant is particularly at risk from COVID-19. Also, thankfully COVID-19 is not the threat it once was, as there is currently only one inmate at FCI Forest City – Low diagnosed with COVID-19. The Government reports Defendant is fully vaccinated against COVID-19 as he received the first COVID-19 vaccination on March 30, 2021, and a second dose on March 3, 2022. (Doc. No. 191). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, Benefits of Getting a COVID-19 Vaccine, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

Defendant also asserts that being incarcerated during the COVID-19 pandemic "increased [the] mental and physical toll" on him, and "all incarcerated persons," (Doc. 190 at 7) resulting in a

sentencing disparity (presumably compared to those who served sentences during non-pandemic times). As he says, all incarcerated persons during the pandemic were similarly affected. So, rather than an "extraordinary" circumstance, during the past three years it has been the "common" circumstance.

The Court finds that neither asserted ground, alone or in combination, constitutes an extraordinary and compelling reason for compassionate release.

"[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent TTT they are applicable.' § 3582(c)(1)(A). Only after considering those factors should the district court determine whether to grant compassionate release." *United States v. Malone*, 57 F.4th 167 at 174 (4th Cir. 2023). Having found there are no extraordinary and compelling reasons for release, the Court need not consider the applicable § 3553(a) factors. Nonetheless, the Court notes that nearly all of the information in Defendant's motion was known to the Court at the time of sentencing. The only new information is that Defendant has performed well while in custody and has a good release plan, both of which are encouraging but would not warrant an early release when balanced against the other § 3553(a) factors the Court fully considered during the sentencing hearing.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018, (Doc. No. 190), is **DENIED.**

**SO ORDERED.**

Signed: May 24, 2023

Kenneth D. Bell
United States District Judge